```
        IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF VIRGINIA
                  Richmond Division
```

MARCUS J. JOHNSON,

    Plaintiff,

v.                                                     Civil Action No. 3:19CV95

OFFICER MARTAN, et al.,

    Defendants.

## MEMORANDUM OPINION

Marcus J. Johnson, a Virginia inmate proceeding pro se and in forma pauperis, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court on Johnson's failure to serve Defendant Clary in a timely matter and the Motion to Dismiss filed by Defendants Allen, Mathews, and Walker. For the reasons set forth below, the claims against Defendants Clary, Allen, Mathews, and Walker will be dismissed.

## I. Failure To Serve Defendant Clary

Pursuant to Federal Rule of Civil Procedure 4(m), Johnson had ninety (90) days from the filing of the complaint to serve the

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

defendants. Here, that period commenced on December 2, 2019. By Memorandum Order entered on June 29, 2020, the Court directed to Johnson to show good cause for his failure to serve Defendant Clary within the time required by Rule 4(m). Johnson responded, but fails to offer any viable excuse for his failure to serve Defendant Clary. Johnson's request for an extension of time (ECF No. 30) will be denied and all claims against Defendant Clary will be dismissed without prejudice.

## II. Standard For A Motion To Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because

they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp., 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v.

3

United States, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 242-43 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. Allegations

By Memorandum Order entered on September 24, 2019, the Court directed Johnson to file a particularized complaint. (ECF No. 12.) On October 18, 2019, Johnson filed his Particularized Complaint (ECF No. 18) wherein he alleges the following:[2]

> On October 5, 2017, the Meherrin River Regional Jail ignored the petitioner's plea for medical help after he had reported that he was extremely dehydrated and vomiting for over 8 days followed by chills, fever, and ultimately lead to the petitioner passing out.
> . . . .
> Part I.B

---

[2] The Court corrects the spacing, capitalization, punctuation, and spelling in the quotations from Johnson's Particularized Complaint.

4

> Officer Martan,[3] Officer Clary, Nurse Mathews, and Nurse Allen violated my 8th Amendment right[4] and 14th Amendment right.[5]
> Part I.C
> 1. Officer Martan deliberately ignored my pleas, that I was sick and kept telling me to put in a sick call which I had already done. . . .
> 2. Officer Clary talked the doctors at the hospital [in]to releasing me from [the] hospital before I got well enough.
> Paragraph II.A
> Nurse Allen and Mathews and other attending nurse of the jail violated my 8th [and] 14th Amendment rights due to procedures and guideline set up by department heads of jail. Also enforced by security and medical staff. To place blame on all individuals would be hard. H.S.A. Mrs. Walker is the head Medical Department and I hold her accountable for her staff, who allowed medicines to be dispensed and monitored and Nurse Allen and Nurse Mathews are the two nurses I know by name.

(Part. Compl. 1-3.) Johnson demands $300,000.00. (Id. at 4.)

## IV. Analysis

To state an Eighth Amendment claim, an inmate must allege facts that indicate "(1) that objectively the deprivation of a basic human need was 'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" Johnson v. Quinones, 145 F.3d 164, 167

---

[3] Defendant Martan has not moved to dismiss, but has filed an answer. (ECF No. 28.)

[4] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[5] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

5

(4th Cir. 1998) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Under the objective prong, the inmate must allege facts to suggest that the deprivation complained of was extreme and amounted to more than the "routine discomfort" that is "part of the penalty that criminal offenders pay for their offenses against society." Strickler v. Waters, 989 F.2d 1375, 1380 n.3 (quoting Hudson v. McMillian, 503 U.S. 1, 9 (1992)). "In order to demonstrate such an extreme deprivation, a prisoner must allege 'a serious or significant physical or emotional injury resulting from the challenged conditions.'" De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (quoting Strickler, 989 F.2d at 1381). With respect to claims of inadequate medical treatment under the Eighth Amendment, "the objective component is satisfied by a serious medical condition." Quinones, 145 F.3d at 167.

The subjective prong requires the plaintiff to allege facts that indicate a particular defendant actually knew of and disregarded a substantial risk of serious harm to his person. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)).[6]

---

[6] If Johnson was "a pretrial detainee and not a convicted prisoner at the time of the alleged denial of medical care, the standard of care is governed by the due process clause of the fourteenth amendment rather than the eighth amendment's

6

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Farmer, 511 U.S. at 837. Farmer teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." Quinones, 145 F.3d at 168 (citing Farmer, 511 U.S. at 837); see Rich v. Bruce, 129 F.3d 336, 338 (4th Cir. 1997). Thus, to survive a motion to dismiss, the deliberate indifference standard requires a plaintiff to assert facts sufficient to form an inference that "the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized that his [or her] actions were 'inappropriate in light of that risk.'" Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 303 (4th Cir. 2004) (quoting Rich, 129 F.3d at 340 n.2).

In order to state an Eighth Amendment claim for denial of adequate medical care, "a prisoner must allege acts or omissions

---

prohibition against cruel and unusual punishment." Hill v. Nicodemus, 979 F.2d 987, 990 (4th Cir. 1992) (citations omitted). Nevertheless, for both pretrial detainees and convicted inmates, with respect to a claim for denial of medical care, the plaintiff must allege facts that indicate that the defendants were "deliberately indifferent to serious medical needs." Id. at 991 (quoting Gordon v. Kidd, 971 F.2d 1087, 1094 (1992)).

7

sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990) (citing Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986)), overruled in part on other grounds by Farmer, 511 U.S. at 837. Furthermore, in evaluating a prisoner's complaint regarding medical care, the Court is mindful that "society does not expect that prisoners will have unqualified access to health care" or to the medical treatment of their choosing. Hudson, 503 U.S. at 9 (citing Estelle, 429 U.S. at 103-04). In this regard, the right to medical treatment is limited to that treatment which is medically necessary and not to "that which may be considered merely desirable." Bowring v. Godwin, 551 F.2d 44, 48 (4th Cir. 1977).

Johnson fails to alleges facts that plausibly indicate that Defendants Allen, Mathews, or Walker acted with deliberate indifference.[7] From what the Court can glean from Johnson's sparse

---

[7] A medical condition, or medical need, is "serious" if it "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quoting Henderson v. Sheahan, 196 F.3d 839, 846 (7th Cir. 1999)). Although Johnson's allegations about

8

allegations, Johnson became dehydrated after vomiting for eight days and was taken to the hospital. Defendants Allen and Mathews are nurses at Riverside Regional Jail. Defendant Walker, apparently, is the head of the Medical Department. Johnson, however, fails to allege any facts pertaining to his interactions with Defendants Allen, Mathews, and Walker during the period of his illness. Certainly, there are no facts that plausibly suggest Defendants Allen, Mathews, and Walker "subjectively recognized a substantial risk of harm" to Johnson's person and "that [these Defendants] subjectively recognized that his [or her] actions were 'inappropriate in light of that risk.'" Parrish ex rel. Lee, 372 F.3d at 303 (quoting Rich, 129 F.3d at 340 n.2).[8] Accordingly, Johnson's claims against Defendants Allen, Mathews, and Walker will be DISMISSED WITHOUT PREJUDICE.

---

his condition or needs are vague, at this stage of the proceedings, the Court assumes without deciding that they are sufficiently serious because they apparently caused his hospitalization.

[8] Johnson indicates that he named Walker as a defendant because he "hold[s] her accountable for her staff." (Part. Compl. 3.) In a civil rights action, however, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) (citations omitted). To state a legally sufficient claim for an alleged violation of a federal constitutional right, "[a] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id.

9

V. Conclusion

For the foregoing reasons, the Motion to Dismiss filed by Defendants Allen, Mathews, and Walker (ECF No. 24) will be granted. The claims against Defendants Allen, Mathews, and Walker will be dismissed without prejudice for failure to state a claim. All claims against Defendant Clary will be dismissed without prejudice for fairly to timely affect service. Any party wishing to file a motion for summary judgment must do so within sixty (60) days of the date of entry hereof.

An appropriate Order will accompany this Memorandum Opinion.

/s/ Rep
Robert E. Payne
Senior United States District Judge

Date: August 11, 2020
Richmond, Virginia