```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                        Richmond Division
```

MARCUS J. JOHNSON,

    Plaintiff,

v.	Civil Action No. 3:19CV95

OFFICER MARTIN, et al.,

    Defendants.

## MEMORANDUM OPINION

Marcus J. Johnson, a Virginia inmate proceeding pro se and in forma pauperis, filed this 42 U.S.C. § 1983 action. The action is proceeding on Johnson's Particularized Complaint.[1] (ECF No. 15.) Johnson alleges that, while incarcerated in the Meherrin River Regional Jail ("MRRJ"), Correctional Officer Christopher Martin ignored Johnson's request for help.[2] Johnson states his "plea for medical help after he had reported that he was extremely dehydrated and vomiting for over . . . 8 days followed by chills, fever" and

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the punctuation and spelling in the quotations from the parties' submissions. The Clerk is directed to amend the docket to reflect the correct spelling of Defendant Martin's name as set forth in caption above.

[2] In his Particularized Complaint, Johnson says that his interaction with Martin occurred on October 5, 2017. (ECF No. 15, at 1.) Johnson, however, was not incarcerated in MRRJ on October 5, 2017. (ECF No. 34-7 ¶ 3.) Johnson did not arrive at MRRJ until August 23, 2018. (Id.) In his original complaint, Johnson stated that he started getting sick September 5, 2018, he put in a "sick slip and it took days to get to sick call." (ECF No. 1, at 6.) Accordingly, the Court deems Johnson's claims to arise from his interactions with Martin in September of 2018.

"ultimately led to [Johnson] passing out." (Id. at 1.) The matter is before the Court on the MOTION FOR SUMMARY JUDGMENT filed by Martin.[3] For the reasons set forth below, the Motion for Summary Judgment (ECF No. 33) will be granted and the action will be dismissed.

## I. STANDARD FOR SUMMARY JUDGMENT

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the responsibility to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." Id. at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific

---

[3] By Memorandum Opinion and Order entered on August 11, 2020, the Court dismissed Johnson's claims against the other Defendants.

2

facts showing that there is a genuine issue for trial.'" Id. (quoting former Fed. R. Civ. P. 56(c) and 56(e) (1986)).

In reviewing a summary judgment motion, the court "must draw all justifiable inferences in favor of the nonmoving party." United States v. Carolina Transformer Co., 978 F.2d 832, 835 (4th Cir. 1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)). However, a mere "scintilla of evidence" will not preclude summary judgment. Anderson, 477 U.S. at 251 (citing Improvement Co. v. Munson, 81 U.S. (14 Wall.) 442, 448 (1871)). "[T]here is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party . . . upon whom the onus of proof is imposed." Id. (quoting Munson, 81 U.S. at 448). Additionally, "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994) (quoting Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 915 n.7 (5th Cir. 1992)).

In support of his Motion for Summary Judgment, Martin submitted, inter alia: his own affidavit ("Martin Aff.," ECF No. 34-1); Johnson's sick call slips and medical records which the Court refers to by their CM/ECF designation (ECF Nos. 34-2 through 34-6); and the Affidavit of Sheila Abernathy, the medical records

3

custodian at MRRJ ("Abernathy Aff.," ECF No. 34-7). Johnson has not responded to the Motion for Summary Judgment.

## II. SUMMARY OF PERTINENT UNDISPUTED FACTS

Johnson arrived at the MRRJ on August 23, 2018. (Abernathy Aff. ¶ 3.) MRRJ "contracted with Mediko to provide medical services at the Jail." (Id. ¶ 1.) "Mediko performed a medical screening of Johnson on August 23, 2018." (Id. ¶ 4.) "Johnson filed four sick call notes between August 23, 2018 and September 10, 2018." (Id. ¶ 5.)[4]

In his September 10, 2018 sick call note, Johnson stated that he thought he might have the flu. (Id.) In response to that note, Johnson was seen later that day by a nurse at 2:54 p.m. (Id.) On September 11, 2018, Johnson was found lying on the floor of his unit. (ECF No. 34-4, at 1.) Johnson was examined by a doctor and transferred to the hospital because of shortness of breath and cough. (Id. at 1-2.) Johnson was diagnosed with, inter alia, "Severe Sepsis secondary to pneumonia" and "Acute hypoxic respiratory failure." (Id. at 4.) After his condition improved, on September 18, 2018, Johnson was discharged from the hospital and returned to MRRJ. (Id.)

---

[4] In his August 29, 2018 sick call request, Johnson asked for reading glasses. (ECF No. 34-2, at 1.) In his September 5, 2018 sick call request, Johnson complained that his mattress was hurting his back. (Id. at 2.) In his September 8, 2018 sick call request asked for an "Icey Hot" for his back and head. (Id. at 3.)

4

Martin avers that he does not recall interacting or speaking with Johnson when Johnson was in MRRJ. (Martin Aff. ¶ 3.) If Johnson had told him that he was sick, Martin swears that he would have followed "the standard procedure and contact the nurses' station for a medical evaluation and follow[ed] the instructions given. Typically, the instruction is to have the inmate submit a 'sick call slip.'" (Id. ¶ 5.) Martin further swears that he has "no recollection of Johnson vomiting, lying on the floor, or showing signs of dehydration while under MRRJ custody." (Id. ¶ 6.) If he had seen Johnson exhibiting these sort of symptoms, Martin "would have radioed a medical emergency." (Id.)

### III. ANALYSIS

For an Eighth Amendment claim to survive summary judgment, the inmate must submit evidence that shows "(1) that objectively the deprivation of a basic human need was 'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Under the objective prong, the evidence must demonstrate that the deprivation complained of was extreme and amounted to more than the "routine discomfort" that is "part of the penalty that criminal offenders pay for their offenses against society." Strickler v. Waters, 989 F.2d 1375, 1380 n.3 (quoting

5

Hudson v. McMillian, 503 U.S. 1, 9 (1992)). With respect to claims of inadequate medical treatment under the Eighth Amendment, "the objective component is satisfied by a serious medical condition." Quinones, 145 F.3d at 167.

The subjective prong requires the plaintiff to submit evidence that demonstrates a particular defendant actually knew of and disregarded a substantial risk of serious harm to his person. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)).[5]

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Farmer, 511 U.S. at 837. Farmer teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The

---

[5] If Johnson was "a pretrial detainee and not a convicted prisoner at the time of the alleged denial of medical care, the standard of care is governed by the due process clause of the fourteenth amendment rather than the eighth amendment's prohibition against cruel and unusual punishment." Hill v. Nicodemus, 979 F.2d 987, 990 (4th Cir. 1992) (citations omitted). Nevertheless, for both pretrial detainees and convicted inmates, with respect to a claim for denial of medical care, the plaintiff must demonstrate that a defendant was "deliberately indifferent to serious medical needs." Id. at 991 (quoting Gordon v. Kidd, 971 F.2d 1087, 1094 (1992)); see Mays v. Sprinkle, 992 F.3d 295, 300 (4th Cir. 2021).

6

prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." Quinones, 145 F.3d at 168 (citing Farmer, 511 U.S. at 837); see Rich v. Bruce, 129 F.3d 336, 338 (4th Cir. 1997). Thus, to survive a motion to dismiss, the deliberate indifference standard requires a plaintiff to assert facts sufficient to form an inference that "the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized that his [or her] actions were 'inappropriate in light of that risk.'" Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 303 (4th Cir. 2004) (quoting Rich, 129 F.3d at 340 n.2).

There is no evidence from which a reasonable jury could find that Martin acted with deliberate indifference to Johnson's medical needs or otherwise ignored his need for care. Accordingly, all claims against Martin will be dismissed. The Motion for Summary Judgment (ECF No. 33) will be granted. The action will be dismissed.

The Clerk is directed to send a copy of the Memorandum Opinion to Johnson and counsel of record.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: June __, 2021